IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02121-PAB

IDA MAY LAMBIASE,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER REVERSING THE DECISION OF THE ADMINISTRATIVE LAW JUDGE AND REMANDING FOR THE AWARDING OF DISABILITY BENEFITS**
_____

    This matter comes before the Court on plaintiff Ida May Lambiase's Complaint [Docket No. 3], filed October 9, 2007. Plaintiff seeks review of the final decision of defendant Michael J. Astrue (the "Commissioner") denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act (the "Act"), 42 U.S.C. § 1381-83c. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter is fully briefed, and I find that oral argument would not materially assist the Court in the disposition of this matter. For the reasons stated below, the Commissioner's decision is reversed and the case is remanded with the instruction that plaintiff be awarded disability benefits.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed an application for supplemental disability benefits in the spring of 2001,[1] alleging she was unable to work as of December 1, 1993. R. at 119-22. The onset date apparently was amended first to February 17, 2000, *see* R. at 17, 616, then to November 10, 1998, *see* R. at 17, 659. After plaintiff's claim was denied at the initial level, an Administrative Law Judge ("ALJ") conducted a hearing on March 21, 2003 and issued a decision denying plaintiff disability benefits on April 15, 2003. R. at 44-52, 611-655. On May 18, 2004, the Social Security Administration's Appeals Council ("Appeals Council") vacated the ALJ's decision and remanded the case for further development of the record and elaboration regarding the ALJ's reasoning. R. at 53-55. On November 22, 2005, a different ALJ, assigned to the case on remand, conducted a second hearing. R. at 656-711. On December 19, 2005, the new ALJ issued the second denial of plaintiff's claims. R. at 542-54. On May 4, 2006, the Appeals Council once again reviewed, vacated, and reversed the ALJ's decision. R. at 557-58. The Appeals Council ordered the ALJ, upon remand, to undergo further consideration of the evidence in forming his conclusions and to obtain additional evidence from a vocational expert ("VE"). R. at 558.

On November 3, 2006, the second ALJ conducted another hearing in this case. R. at 712-29. On February 1, 2007, the ALJ issued the third denial of plaintiff's claims for disability. R. at 17-38. On August 31, 2007, the Appeals Council denied plaintiff's

---

[1] Although plaintiff's application appears to have been completed on April 27, 2001, plaintiff appears to have signed the application on May 21, 2001. *See* R. at 119-22.

request for review of the most recent ALJ decision. R. at 7. Therefore, the third ALJ denial stands as the Commissioner's final decision on this matter and, because plaintiff filed a timely appeal with this Court, the Commissioner's final decision is now reviewable. *See* 42 U.S.C. § 405(g) (2006); *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

## II. ANALYSIS

### A. <u>Legal Standards</u>

#### *1. Standard of Review*

Review of the Commissioner's finding that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence in the record as a whole. *Angel v. Barnhart*, 329 F.3d 1208, 1209 (10th Cir. 2003). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007). Moreover, "[e]vidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

The Court will not "reweigh the evidence or retry the case," but must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty*, 515 F.3d at 1070. In addition to a reversal for lack of substantial evidence, a district court may reverse the Commissioner's final decision where the ALJ

failed to apply the correct legal test. *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).

### 2. Disability Under the Act

A person is disabled within the meaning of the Social Security Act if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). Furthermore,

> [a]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential evaluation process to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The steps of the evaluation are:

> (1) whether the claimant is currently working; (2) whether the claimant has a severe impairment; (3) whether the claimant's impairment meets an impairment listed in appendix 1 of the relevant regulation; (4) whether the impairment precludes the claimant from doing his past relevant work; and (5) whether the impairment precludes the claimant from doing any work.

*Trimiar v. Sullivan*, 966 F.2d 1326, 1329 (10th Cir. 1992) (citing 20 C.F.R. § 404.1520(b)-(f)). A finding that the claimant is disabled or not disabled at any point in

the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

The claimant has the initial burden of establishing a case of disability. However, "[i]f the claimant is not considered disabled at step three, but has satisfied her burden of establishing a prima facie case of disability under steps one, two, and four, the burden shifts to the Commissioner to show the claimant has the residual functional capacity (RFC) to perform other work in the national economy in view of her age, education, and work experience." *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *see also Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). While the claimant has the initial burden of proving a disability, "the ALJ has a basic duty of inquiry, to inform himself about facts relevant to his decision and to learn of the claimant's own version of those facts." *Hill v. Sullivan*, 924 F.2d 972, 974 (10th Cir. 1991).

### B. Plaintiff's Objections to the ALJ's Decision

In her appeal, plaintiff asserts three grounds for objecting to the ALJ's finding of no disability: (1) that the ALJ improperly found that plaintiff's mental impairments would allow her to perform unskilled work, despite the vocational expert's opinion that her limitations would preclude unskilled work; (2) that the ALJ failed to include all of plaintiff's physical impairments in the hypothetical questions posed to the vocational expert; and (3) that the ALJ afforded improper weight to the opinions of plaintiff's treating physicians. Pl.'s Opening Br. [Docket No. 14] at 1. As will be explained below, I find that plaintiff's first ground is dispositive on the issue of disability. Therefore, I do not address the other two.

### C. The ALJ Decisions

In the first decision, the ALJ reached the fifth step in the successive five-step analysis and found that plaintiff was not disabled because she had the Residual Functional Capacity ("RFC") to perform a wide range of sedentary work. R. at 48-50. The Appeals Council vacated the ALJ's decision with detailed direction to the ALJ on remand to obtain additional evidence, reconsider the evidence in the record, and more fully explain his or her reasoning. *See* R. at 54. Following the November 22, 2005 hearing, a new ALJ issued the second of three ALJ decisions in this case. R. at 542-54. This ALJ also reached the fifth step of the five-step analysis, where he also found that plaintiff was not disabled under the Act. The ALJ reasoned that although plaintiff was unable to perform a full range of light work, testimony from the VE at the hearing showed that jobs existed in significant numbers in the national economy which plaintiff could perform. R. at 552.

Upon review of the second ALJ's order, the Appeals Council again vacated and remanded the case, again with specific orders for the ALJ on remand. The Appeals Council required the ALJ to give further consideration to examining source opinion evidence, to give further consideration to plaintiff's RFC in light of all of her limitations, and to obtain supplemental evidence from a VE. R. at 558.

Following the second remand from the Appeals Council, the second ALJ again found that plaintiff was not disabled at step five. Upon denial of review by the Appeals Council, this third ALJ decision became the final decision of the Commissioner, over which this Court obtains review authority.

6

At step one of the third decision, the ALJ concluded that plaintiff was not engaged in substantial gainful activity since the date of her application. R. at 19. At step two, he determined that plaintiff had various severe impairments: degenerative disc disease of the cervical, thoracic, and lumbar spine; obesity; fibromyalgia; temporomandibular joint (TMJ) dysfunction; a pain disorder; borderline intellectual functioning; and cannabis dependence. R. at 19-20. At step three, the ALJ concluded that plaintiff lacked a listed impairment under 20 C.F.R. 404 or its medical equivalent. R. at 23.

The ALJ then turned to the task of determining plaintiff's RFC. Based on considerable analysis, the ALJ found that plaintiff had the RFC

> to perform unskilled work and retains the capacities to understand, remember and carry out simple instructions, to make judgments that are commensurate with the performance of simple work, to respond appropriately to supervision, coworkers, and work situations, and to deal with changes in a routine work setting. She would be able to stand and/or walk for two to four hours, and sit for six hours, during a normal, eight-hour workday. She should be allowed to alternate her position between sitting and standing/walking, as needed. She can lift, carry, push or pull 20 pounds occasionally and ten pounds frequently. She should never climb ladders, ropes or scaffolds and can occasionally climb stairs and ramps, balance, stoop, crouch, kneel and crawl. She can occasionally use the upper extremities over the shoulder or overhead. She can frequently handle and finger.

R. at 23-24. The ALJ further found that plaintiff's mental functioning was

> restricted by mild to moderate limitations in the ability to perform activities of daily living, in the capacity for socialization and in the ability to maintain concentration, persistence and pace, and by two to three episodes of decompensation that occurred in the past. She has moderate limitations in the ability to remember locations and work like procedures, moderate limitations in the ability to understand and remember very short and simple instructions, moderate limitations in the ability to sustain an ordinary routine without special supervision and moderate limitations in the ability to work in coordination with or in proximity to others without

7

> being distracted by them. She has slight limitations in the ability to accept instructions and respond appropriately to criticism from supervisors, slight limitations in the ability to get along with coworkers or peers without distracting them or exhibiting behavioral extremes, and slight limitations in the ability to maintain socially appropriate behavior and to adhere to basic standards of neatness and cleanliness.

R. at 24.

In his step-four determination, the ALJ found that due to the standing and walking demands, plaintiff was unable to perform her past relevant work as a Cosmetologist or Cashier. R. at 36. In his step-five analysis, the ALJ concluded that in light of the plaintiff's age, education, work experience, and RFC, jobs existed in significant numbers in the national economy that plaintiff could perform. R. at 37. The ALJ indicated that he relied heavily on the VE's testimony in arriving at this conclusion. R. at 37. The ALJ also claimed that "[t]he vocational expert testified that given all of these factors the individual would be able to perform the requirements of unskilled, light representative occupations such as [Office Helper, Cashier II, and Parking Lot Attendant]." R. at 37. Finding that plaintiff was "capable of making a successful adjustment to other work that exists in significant numbers in the national economy," the ALJ ultimately concluded that plaintiff was not disabled within the meaning of the Act. Tr. 38.

The ALJ's formulation of plaintiff's mental functioning closely parallels the limitations from two doctors that the Appeals Council specifically identified in its second order vacating the ALJ decision and remanding the case for further review. R. at 557. On remand, the Appeals Council directed the ALJ to further develop and evaluate these limitations before rendering a decision. R. at 557-58. The Appeals Council also

directed the ALJ to get supplemental evidence from the VE and pose hypothetical questions that reflected the RFC and limitations that were established by the record as a whole.

At the November 3, 2006 hearing, the hypothetical question that the ALJ directed to the VE assumed a sedentary or a light exertional range and an unskilled work level (special vocational preparation ("SVP") of 1-2), then added the physical and mental limitations detailed in the excerpt above. R. at 719-22.[2] The ALJ asked the VE if that person would have the ability to perform work in the regional or national economy. R. at 721-22. The VE initially identified one job in the sedentary range, noting that physical limitation of occasional handling and fingering eliminated ninety percent of the jobs listed in the Dictionary of Occupational Titles ("DOT"). R. at 722.[3] When the ALJ asked the VE to assume a light exertional level, but "with everything else the same," the VE identified two positions in the light exertional work category. R. at 722. When the ALJ altered the light exertional hypothetical to include frequent handling and fingering, the VE identified three additional positions that were possible.[4] R. at 722-23.

---

[2] Plaintiff argues that the ALJ's instruction improperly asked the VE to assume exertional and skill levels. Plaintiff convincingly argues that these levels are conclusions to be made by the VE, not limitations to be supplied by the ALJ. However, as previously discussed, the propriety of the ALJ's RFC, even when assumed, does not obviate the fact that the Commissioner has not carried his burden of proof at step five.

[3] The ALJ ultimately concluded that plaintiff was capable of handling and fingering frequently. R. at 24. However, he did not pose such a hypothetical to the VE at the sedentary exertional level.

[4] "If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967 (2008).

Upon cross-examination of the VE, in what proves to be a pivotal line of questioning, plaintiff's attorney asked the VE whether he had made any assumptions regarding the ALJ's hypotheticals. Specifically, plaintiff's attorney asked whether the VE interpreted the ALJ's hypothetical to assume that the person could do unskilled work. R. at 727. The questioning proceeded as follows:

> VE: My understanding of the hypothetical was that this individual could do unskilled work, yes.
>
> ATTORNEY: Okay. What if that wasn't the case that we were not essentially asking you to assume that they could do unskilled work but really more ask you to tell us what would be the impact of all those specific limitations on these few occupations that you identified?
>
> VE: Well I would, without, and I had written that down, able to do unskilled work, so I would say based on that line of questioning or that question I would say all of those moderates [i.e. moderate mental limitations] would likely preclude work. All those moderates in mind.
>
> ATTORNEY: Because there's so many limitations in so many different areas?
>
> VE: Yes.
>
> ATTORNEY: Even though none individually is severe enough to preclude work but when you have someone with so many different issues they're just not going to be able to work?
>
> VE: Right.

R. at 727-28.

The ALJ based his determination that plaintiff could perform other work on the testimony of the vocational expert at the November 3, 2006 hearing. *See* R. at 728. According to the ALJ decision, "[t]he vocational expert testified that given all of these factors the individual would be able to perform the requirements of unskilled, light representative occupations . . . ." R. at 37. However, the transcript of the hearing

10

evinces no such testimony. Rather, the VE stated that the collective impact of all of plaintiff's limitations "would likely preclude work." R. at 728.

Once a claimant makes a showing that she is unable to perform her past relevant work, the burden shifts to the Commissioner at step five to prove that claimant retains the capacity to perform some alternative work activity. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Dixon v. Heckler*, 811 F.2d 506, 511 (10th Cir. 1987). Neither the VE nor any other witness identified any work that plaintiff could perform given her limitations, nor did the ALJ offer any independent evidence to that effect. Therefore, I conclude that there is not substantial evidence supporting the ALJ's finding that plaintiff is not disabled under the Act. As a result, the ALJ's decision must be reversed.

### III. CONCLUSIONS

After three hearings, three ALJ decisions, two Appeals Council reversals and remands, and the passage of nearly eight years, the Commissioner has been unable to meet his burden at step five of the Commissioner's five-step analysis. Rather, the record fully supports a determination that plaintiff was disabled as a matter of law due to the lack of a significant number of jobs in the national economy that plaintiff can perform in consideration of her age, education, work experience, and RFC. *See Dollar v. Bowen*, 821 F.2d 530, 536 (10th Cir. 1987). As a result, she is entitled to benefits. Therefore, I hold that upon remand, the Commissioner shall award disability benefits to the plaintiff. *See Frey v. Bowen*, 816 F.2d 508, 518 (10th Cir. 1987); *Dixon v. Heckler*, 811 F.2d 506, 511 (10th Cir.1987). Accordingly, it is

**ORDERED** that the decision of the Commissioner that plaintiff was not disabled is REVERSED and this case is REMANDED for the calculation and award of disability benefits to plaintiff. It is further

**ORDERED** that plaintiff may have her costs by filing a bill of costs within eleven days of the date of this order. *See* Fed. R. Civ. P. 54(d)(1); D.C.COLO.LCivR 54.1; 28 U.S.C. § 2412(a)(1).

DATED March 27, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge