IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 07-cv-02121-PAB

IDA MAY LAMBIASE,

    Plaintiff,

v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

**ORDER DENYING MOTION TO ALTER OR AMEND JUDGMENT**
_____

    This matter comes before the Court on defendant Commissioner of Social Security's ("Commissioner") motion to alter or amend the judgment in this case pursuant to Federal Rule of Civil Procedure 59(e).  *See* Def.'s Mot. to Alter or Amend Order Under Fed. R. Civ. P. 59(e) [Docket No. 28] ("Def.'s Rule 59(e) Mot.").  On March 27, 2009, following a review of the administrative record, the briefs, and the pertinent law, the Court reversed the Commissioner's final decision by the Administrative Law Judge ("ALJ") that plaintiff Ida May Lambiase was not disabled and therefore not entitled to benefits under Title XVI of the Social Security Act.  *See* Order Reversing the Decision of the Administrative Law Judge and Remanding for the Awarding of Disability Benefits [Docket No. 26] ("Order").  Because the Commissioner had repeatedly failed to meet his burden at step five of the five-step disability determination process over an eight-year period and because the record fully supported a finding that Ms. Lambiase

was disabled, rather than remanding the case for further consideration, the Court ordered the Commissioner to award plaintiff benefits on remand. *See* Order at 11-12.

A party may seek to have a judgment amended under Federal Rule of Civil Procedure 59 as long as the motion is filed within ten days of the entry of judgment. Fed. R. Civ. P. 59(e). The Commissioner filed the present motion within the ten-day period and, as a result, it is timely. Because Rule 59(e) circumvents the normal appeals process, relief under the rule is strictly delimited: "Rule 59(e) relief is appropriate only where the court has misapprehended the facts, a party's position, or the controlling law." *Barber ex rel. Barber v. Colo. Dep't of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (internal quotation marks omitted).

In the present case, the Commissioner suggests that relief under Rule 59(e) is warranted due to a misapprehension of the facts by the Court. *See* Def.'s Rule 59(e) Mot. ¶ 2. Accordingly, the Commissioner requests the Court alter or amend the judgment by retracting the award of benefits and ordering the case remanded for additional proceedings. *See* Def.'s Rule 59(e) Mot. ¶ 3. According to the Commissioner, the "misapprehended facts" involve the testimony of the Vocational Expert ("VE"). The Commissioner argues that "on remand, the ALJ needs to clarify whether the vocational expert testified that Plaintiff's limitations would preclude all work or whether she could perform other work in the national economy, consistent with the testimony in response to the ALJ's hypothetical." I disagree; no clarification is needed.

The Commissioner "maintains that the vocational expert's testimony constitutes substantial evidence upon which the ALJ properly relied." In fact, the VE's testimony is the only evidence cited by the ALJ in the record related to the ALJ's step-five

conclusion regarding jobs available in the national economy that Ms. Lambiase could perform.  There is no uncertainty about the substance of that testimony.  When asked specifically to incorporate the mental limitations set forth in the ALJ's ultimately adopted RFC, the VE concluded that these limitations would preclude work.  R. at 727-28.  As a result, *all* of the evidence in the record indicates that Ms. Lambiase is unable to perform any jobs which are available in significant numbers in the national economy.  Therefore, the only defensible conclusion based on the record that has been developed over the past eight years is that the Commissioner failed to meet his burden at step five and Ms. Lambiase is, in fact, disabled.

In conclusion, because the Court properly apprehended the facts, the law, and the positions of the parties, relief under Rule 59(e) is inappropriate.  The Commissioner has repeatedly failed to meet his burden at step five to prove that the plaintiff is not disabled.  In fact, the most recent administrative hearing definitively proved that she is disabled.  Ms. Lambiase, therefore, is entitled to her requested benefits under the Social Security Act.  *See Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993) ("In light of the Secretary's patent failure to satisfy the burden of proof at step five, and the long delay that has already occurred as a result of the Secretary's erroneous disposition of the proceedings, we exercise our discretionary authority to remand for an immediate award of benefits."); *Emory v. Sullivan*, 936 F.2d 1092, 1095 (10th Cir. 1991) (remanding for award of benefits where VE testimony contradicted ALJ's ultimate conclusions); *Dollar v. Bowen*, 821 F.2d 530, 536 (10th Cir. 1987) (remanding for award of benefits where "the record fully supports a determination that [plaintiff] was disabled as a matter of law").

Case 1:07-cv-02121-PAB   Document 33   Filed 10/26/09   USDC Colorado   Page 4 of 4

Accordingly, it is

**ORDERED** that the Commissioner's motion to alter or amend the judgment in this case under Fed. R. Civ. P. 59(e) [Docket No. 28] is DENIED.  It is further

**ORDERED** that plaintiff's motion to schedule a status conference [Docket No. 32] is DENIED as moot.

DATED October 26, 2009.

                                              BY THE COURT:

                                              s/Philip A. Brimmer
                                              PHILIP A. BRIMMER
                                              United States District Judge

4